# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| SP FREDERICA, LLC; PEACH CONSOLIDATED PROPERTIES, LLC; and FLASH FOODS, INC., | |
| Plaintiffs, | CIVIL ACTION NO.: 2:15-cv-73 |
| v. | |
| GLYNN COUNTY; GLYNN COUNTY BOARD OF COMMISSIONERS; MICHAEL BROWNING; DALE PROVENZANO; RICHARD STRICKLAND; BILL BRUNSON; ALLEN BOOKER; MARK STAMBAUGH; BOB COLEMAN; GLYNN COUNTY ISLANDS PLANNING COMMISSIONER; PRESTON KIRKENDALL; ROBERT USSERY; DESIREE WATSON; JOEL WILLIS; WILLIAM LAWRENCE; STAN HUMPHRIES; KAREN WARD; THE GLYNN COUNTY BOARD OF APPEALS; WALTER RAFOLSKI; PETER SCHOENAUER; PAUL FISHER; MATTHEW PERMAR; PHILIP VIVIANI, | |
| Defendants. | |

## O R D E R

This matter is before the Court on Defendants' Motion to Stay Discovery. (Doc. 14.) Defendant submits that discovery should be stayed until such time as the Court enters a ruling on its Motion to Dismiss. Plaintiffs have filed a response in opposition to the Motion to Stay. (Doc. 15.) Because Defendants' Motion to Dismiss has not been filed on this Court's docket, their Motion to Stay is **DENIED.**

In their response to the Motion to Stay, Plaintiffs argue that a stay of discovery should only be granted where a motion to dismiss is meritorious and may dispose of the entire case. (Id., at 2 (citing McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).  Therefore, Plaintiffs submit that the Court must take a "preliminary peek" at the Defendants' Motion to Dismiss when ruling on their Motion to Stay.  Id.

The Court agrees with Plaintiffs that the Court must at least review a motion to dismiss when ruling on a motion to stay.  However, in this case, Defendants have not filed their Motion to Dismiss on this Court's Docket.  Rather, on June 19, 2015, Defendants filed a Notice regarding their Motions that were filed in the Superior Court of Glynn County.  (Doc. 5.) Additionally, Defendants attached numerous documents to their Notice of Removal.  (Doc. 1.) However, shortly after removal, the Clerk of Court made clear to the parties that they must "REFILE ANY PENDING MOTIONS (PREVIOUSLY FILED IN STATE COURT), AND RESPONSES, WITHIN FOURTEEN DAYS OF THE DATE OF THIS NOTICE.  THIS COURT WILL NOT SUA SPONTE TAKE UP MOTIONS FILED PRIOR TO THE REMOVAL DATE."  (Doc. 2 (emphases in original).)  Including a motion amongst the many documents attached to a notice of removal does not satisfy this requirement.

Because Defendants have not filed their Motion to Dismiss on this Court's docket, that Motion is not pending before this Court.  Therefore, the Motion to Dismiss cannot provide grounds for staying this action.  Should Defendants seek to assert their arguments for dismissal before this Court, they should refile their Motion to Dismiss expeditiously.[1]  If Defendants still seek a stay of discovery after filing of that motion, they may file a request to that effect at that

---

[1]  Additionally, if the parties have any other motions pending before the Superior Court at the time of removal which they seek this Court to rule upon, they should refile those motions on this Court's docket.

time.[2]  However, Defendants' current Motion to Stay Discovery is **DENIED** for the above-stated reasons**.**

       **SO ORDERED**, this 7th day of August, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]  The Court further notes that Plaintiffs' Response to the Motion to Dismiss (doc. 9) was docketed as a Motion on this Court's docket.  Because this pleading does not request affirmative relief but rather responds to Defendants' arguments for dismissal, the Clerk of the Court is hereby **DIRECTED** to terminate that Motion (doc. 9).  Plaintiffs may file a response to any motion to dismiss that Defendants may file on this Court's docket.