# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| SP FREDERICA, LLC; PEACH CONSOLIDATED PROPERTIES, LLC; and FLASH FOODS, INC., | |
| Plaintiffs, | CIVIL ACTION NO.: 2:15-cv-73 |
| v. | |
| GLYNN COUNTY; GLYNN COUNTY BOARD OF COMMISSIONERS; MICHAEL BROWNING; DALE PROVENZANO; RICHARD STRICKLAND; BILL BRUNSON; ALLEN BOOKER; MARK STAMBAUGH; BOB COLEMAN; GLYNN COUNTY ISLANDS PLANNING COMMISSIONER; PRESTON KIRKENDALL; ROBERT USSERY; DESIREE WATSON; JOEL WILLIS; WILLIAM LAWRENCE; STAN HUMPHRIES; KAREN WARD; THE GLYNN COUNTY BOARD OF APPEALS; WALTER RAFOLSKI; PETER SCHOENAUER; PAUL FISHER; MATTHEW PERMAR; PHILIP VIVIANI, | |
| Defendants. | |

## **O R D E R**

This matter is before the Court on Defendants' Motion to Stay Discovery. (Doc. 21.) Defendants submit that discovery should be stayed until such time as the Court enters a ruling on their Motion to Dismiss Plaintiffs' Amended Complaint (doc. 20). Plaintiffs filed a response in opposition to the Motion to Stay. (Doc. 23.) After careful consideration, Defendants' Motion is **GRANTED**.

**BACKGROUND**

In this action, Plaintiffs claim that Defendants wrongfully denied Plaintiffs a permit to construct and operate an automobile service station and convenience store at 1801 Frederica Road on St. Simons Island. Plaintiffs filed this action in the Superior Court of Glynn County on March 16, 2015 seeking mandamus, injunctive relief, and damages under Georgia law. (Doc. 1-1.) Along with their Complaint, Plaintiffs served Defendants with voluminous discovery requests including Requests for Production of Documents, Interrogatories, Requests for Admissions, and Notices to Take Deposition. (Id. at 25-141; Docs. 1-2; 1-3; 1-4; 1-5; Doc. 1-6, pp. 1-98.) On June 18, 2015, Defendants filed a Motion to Dismiss all of Plaintiffs claims in the Glynn County Superior Court. (Doc. 1-8, pp. 2-28.) On May 19, 2015, Plaintiffs amended their claims to add allegations, pursuant to 42 U.S.C. § 1983, that Defendants violated certain rights guaranteed by the United States Constitution. (Doc. 1-9, pp. 45-83.) On that same date, Plaintiffs filed a response to Defendants' Motion to Dismiss the original Complaint. (Doc. 1-10, pp. 1-122.) Defendants then removed the case to this Court on June 18, 2015. (Doc. 1.)

On August 11, 2015, Defendants moved in this Court to dismiss Plaintiffs' Amended Complaint in its entirety. (Doc. 20.) In this Motion, Defendants contend that they are immune from Plaintiffs' claims and further maintain that Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted. Id. Defendants also moved this Court to stay discovery during the pendency of the Motion to Dismiss. (Doc. 21.) Plaintiffs have filed a Response in opposition to Defendants' Motion to Dismiss (doc. 22) as well as Response opposing the Motion to Stay (doc. 23.).

## DISCUSSION

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. . . . If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367-68 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Diaz v. Atkinson Cnty., Ga., No. 5:15-CV-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

Plaintiffs maintain that Chudasama is "clearly inapplicable to the case at hand." (Doc. 23 at 1.) Further, they maintain that Chudasama and its progeny stand for the narrow proposition that a court "should not delay ruling on a meritorious motion to dismiss while undue discovery

costs mount." (Id., at p. 2 (quoting, S. Motors Chevrolet, Inc. v. Gen. Motors, LLC, No. CV414-152, 2014 WL 5644089, at *1 (S.D. Ga. Nov. 4, 2014)). Plaintiffs contend that in order to rule upon Defendants' Motion to Stay, the Court must conduct a "preliminary peek" of the Motion to Dismiss to assess whether it is "clearly meritorious" and "truly case dispositive" and, thus, warrants a stay of discovery. (Id., at p. 2.) Plaintiffs go on to argue that their response to Defendants' Motion to Dismiss demonstrates that their claims are meritorious and Defendants' Motion to Dismiss is non-meritorious. (Id., at p. 2-3.)

The Court recognizes that Chudasama and its progeny do not create a per se rule that discovery is stayed every time a motion to dismiss is filed. See S. Motors Chevrolet, Inc., No. CV414-152, 2014 WL 5644089, at *1. Nonetheless, the principle espoused in Chudasama, that the Court should prevent the needless expenditure of resources on discovery, is instructive to the Court's inquiry at hand. Further, "[i]n deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting, Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C.1988)).

A preliminary review of Defendants' Motion to Dismiss reveals that they have raised meritorious challenges to the legal sufficiency of Plaintiffs' Amended Complaint. If the Court were to grant Defendants' Motion to Dismiss, this lawsuit would be dismissed in its entirety. Whether the Amended Complaint can withstand Defendants' challenges is a decision left to the District Judge. However, at this stage, the Court does not find Defendants' arguments for

dismissal so frivolous or non-meritorious to conclude that they have been interposed for the purpose of delay.

Additionally, Plaintiffs have filed numerous claims against several Defendants. Even a partial grant of the Motion to Dismiss could narrow the issues which the parties must address in discovery and perhaps reduce the Defendants that participate in discovery. On this point, the Plaintiffs have not requested that discovery remain open on a limited set of issues.[1] Thus, denial of the Motion to Stay would require the parties to commence discovery on all of the issues raised by Plaintiffs' Amended Complaint despite the pending Motion to Dismiss.

The likely costs and burdens of proceeding with discovery appear significant. Defendants attached to their Notice of Removal approximately 950 pages of initial discovery requests that Plaintiffs served on Defendants with the original Complaint. (Doc. 1-1, pp.25-141; Docs. 1-2; 1-3; 1-4; 1-5; Doc. 1-6, pp. 1-98.) It would be inefficient and costly for the parties to engage in such extensive discovery when much, if not all, of the discovery requests could be rendered moot by the Court's ruling on the Motion to Dismiss. Moreover, Plaintiffs have not pointed to any potential loss of evidence or other issue that would render these discovery requests less effective after resolution of the Motion to Dismiss.[2] Thus, other than the intangible harm produced by the delay in the discovery process, it does not appear that a stay of discovery will produce any damage.

---

[1] Plaintiffs have also not argued that discovery is needed for them to respond to the Motion to Dismiss. It appears the parties agree that the Motion can be decided on the pleadings already submitted.

[2] Furthermore, parties and their counsel are well aware of their duty to preserve evidence during the stay of discovery. Should they fail to live up to that duty, this Court has broad discretion to impose sanctions for spoliation in order "to prevent unfair prejudice to litigants and to insure the integrity of the discovery process." Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005).

## CONCLUSION

The Court finds good cause to stay this case until such time as a ruling is made on Defendants' Motion to Dismiss and that no substantial prejudice will accrue to the parties if a stay is granted. A ruling on Defendants' Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

THEREFORE, IT IS HEREBY ORDERED that all discovery proceedings are stayed pending a ruling by this Court on Defendants' Motion to Dismiss.

IT IS FURTHER ORDERED that **within twenty-one (21) days** following the Court's ruling on Defendants' Motion to Dismiss, should this case remain pending before the Court, the parties are directed to again meet and confer pursuant to Rule 26(f). Additionally, the parties are to file a supplemental Rule 26(f) Report **within fourteen (14) days** of the Rule 26(f) conference at which time a Scheduling Order will be entered.

**SO ORDERED**, this 8th day of September, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA